**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| CLIFFORD J. OCHSER,            )<br>                                )<br>     Plaintiff,                )<br>                                )  No. CIV 05-2060 PHX RCB<br>          vs.                  )<br>                                )<br>MARICOPA COUNTY, et al.,        )          O R D E R<br>                                )<br>     Defendants.                )<br>_____) | |

This matter arises out of an incident in which Plaintiff was arrested by Maricopa County Sheriff's Office ("MCSO") deputies on a warrant that had previously been quashed. Plaintiff alleges that his constitutional rights were violated and seeks recovery under 42 U.S.C. § 1983 and state tort law. Compl. (doc. # 1). Currently before the Court is Defendants' motion for summary judgment (doc. # 37). The matter has been fully briefed. See Resp. (doc. # 46); Reply (doc. # 47). Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

On January 3, 2003, the Superior Court of Arizona in Maricopa County issued a child support arrest warrant for Plaintiff in his domestic relations case, but later quashed that warrant by minute

1

2 entry on March 13, 2003.  Defs.' Statement of Facts ("DSOF") (doc.
3 # 38) ¶¶ 3-4.  On May 5, 2004, MCSO deputy Funk and sergeant Cruz
4 arrested Plaintiff in the parking lot of his place of work on that
5 warrant.  Id. ¶ 18.  Although Plaintiff informed the MCSO officers
6 that the warrant had been quashed and that a certified copy of the
7 minute entry quashing it was available in his office, the officers
8 did not enter Plaintiff's office to verify the warrant's validity.
9 Resp. (doc. # 46), Ex. 3.

10 On July 12, 2005, Plaintiff filed the present action against
11 Defendants Maricopa County and Sheriff Joseph Arpaio, seeking
12 recovery under 42 U.S.C. § 1983 and state tort law.  Compl. (doc. #
13 1).  On July 25, 2006, Plaintiff filed a first amended complaint in
14 a separate state court action naming MCSO depty Funk and sergeant
15 Cruz, among others, as defendants.  Resp. (doc. # 46), Ex. 1.  Upon
16 filing the amended complaint in the state court action, Plaintiff's
17 counsel suggested to Defendants that they remove the case to
18 federal court so that it could be consolidated with the present
19 matter.  Resp. (doc. # 46), Ex. 2.  Defendants apparently declined.

20 **II.  STANDARD OF REVIEW**

21 Summary judgment is appropriate "when there is no genuine
22 issue of material fact" such that "the moving party is entitled to
23 judgment as a matter of law."  Fed. R. Civ. P. 56.  In determining
24 whether to grant summary judgment, a district court must view the
25 underlying facts and the inferences to be drawn from those facts in
26 the light most favorable to the nonmoving party.  See Matsushita
27 Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
28 . . .

If a party will bear the burden of proof at trial as to an element essential to its claim, and fails to adduce evidence establishing a genuine issue of material fact with respect to the existence of that element, then summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Not every factual dispute is capable of defeating a properly supported motion for summary judgment. Rather, the party opposing the motion must show that there is a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute in favor of the nonmoving party. Id. at 248. A fact is material if determination of the issue might affect the outcome of the case under the governing substantive law. Id. Thus, a party opposing a motion for summary judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. See id. at 250. If the nonmoving party's evidence is merely colorable or not significantly probative, a court may grant summary judgment. See id. at 249; see also Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987).

**III. DISCUSSION**

Defendants contend that they cannot be held directly liable under 42 U.S.C. § 1983 for Plaintiff's federal civil rights claims, because Plaintiff cannot point to any custom or policy indicative of their deliberate indifference to his rights. Mot. (doc. # 37) at 3-10. Plaintiff concedes this point and does not oppose the

grant of summary judgment with respect to his section 1983 claims against Defendants Maricopa County and Sheriff Joseph Arpaio. Resp. (doc. # 46) at 2.  The Court will therefore grant Defendants' motion with respect to Plaintiff's federal claims.

Defendants also seek summary judgment on Plaintiff's state law claims.  In particular, Defendants argue that they cannot as a matter of law be held vicariously liable for any tortious conduct by the arresting officers, and, in any event, that there are no genuine issues of material fact which would suggest that the officers acted unreasonably or breached any duty to Plaintiff. Mot. (doc. # 37) at 10-12.  Plaintiff maintains that Defendants' vicarious liability is not clearly vitiated under Arizona law, and that there are genuine issues of material fact concerning the reasonableness of the arresting officers' conduct.  Resp. (doc. # 46).  In addition, Plaintiff argues that his remaining state law claims should be dismissed without prejudice so that they may be refiled in the state court and consolidated with the matter already pending there.  Id. at 2-5.  The Court will first address Defendants' arguments for summary judgment on the state law claims.

In Defendants' view, the County cannot be vicariously liable for the MCSO officers' allegedly tortious conduct, because the officers were acting pursuant to duties imposed by law rather than by the County.  See Mot. (doc. # 37) at 10-11; Ariz. Rev. Stat. § 11-441(A)(2) (West 2001) ("The sheriff shall . . . [a]rrest and take before the nearest magistrate for examination all persons who attempt to commit or who have committed a public offense."). Defendants rely on Fridena v. Maricopa County, 18 Ariz. App. 527,

-4-

504 P.2d 58 (1972), where the Court of Appeals of Arizona held that Maricopa County, "having no right of control over the Sheriff or his deputies in service of [a] writ of restitution, [could] not [be held] liable under the doctrine of respondeat superior for the Sheriff's torts."  In spite of this, Plaintiff contends that the extent of the County's vicarious liability remains uncertain, because, as the Fridena court recognized, "the County exercises supervision of the official conduct of the Sheriff."  Resp. (doc. # 46) at 3-4 (citing Fridena, 504 P.2d at 61).  The Court does not perceive any uncertainty that would give rise to a triable issue. The County's supervisory authority over its officers is clearly delineated at Ariz. Rev. Stat. § 11-251, and does not encompass any power over the Sheriff's statutorily mandated duty to arrest those persons who have committed a public offense.  Thus, the County cannot be held liable for the MCSO officers' conduct under the doctrine of respondeat superior, and is entitled to judgment as a matter of law with respect to the state law claims.  See Fridena, 504 P.2d at 61-62.

Defendants also claim that the Sheriff is entitled to summary judgment, because they believe his "deputies in this case acted as a careful and prudent officer would have acted in the same circumstances."  Mot. (doc. # 37) at 11-12.  Defendants point out that Plaintiff's arrest was carried out in connection with "Operation Mother's Day 2004"-- a reference to the Sheriff's crackdown on parents who had been delinquent in their child support payments.  Defendants also point out that, although the arresting officers did not ask to see the minute entry quashing the warrant

that Plaintiff claimed to have nearby, they did verify the validity of the warrant by other means prior to arresting Plaintiff. See id. at 11.  While these may be reasonable arguments for Defendants to present to the trier of fact, they fail to convince the Court that there are no genuine issues of material fact regarding their allegedly tortious conduct.  Plaintiff's testimony of the arresting officer's unwillingness to walk the short distance to his office where he could have easily produced the minute entry quashing his arrest warrant is particularly troublesome.  See Resp. (doc. # 46), Ex. 3.  Plaintiff's evidence is significantly probative and could easily influence a rational trier of fact to find in his favor on the issue of the Sheriff's liability.  See Anderson, 477 U.S. at 248.  Accordingly, the Court will deny Defendants' motion for summary judgment with respect to the state law claims asserted against Defendant Joseph Arpaio.

The Court now considers whether it should retain supplemental jurisdiction over Plaintiff's remaining state law claims against the Sheriff.  Under 28 U.S.C. § 1367(c), the district court has broad discretion to decline to exercise supplemental jurisdiction, and the Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); accord Hardage v. CBS, 427 F.3d 1177, 1189 (9th Cir. 2005).

Plaintiff urges the Court to decline to exercise supplemental jurisdiction and to dismiss his remaining state law claims without

- 6 -

prejudice. Resp. (doc. # 46) at 2. Plaintiff expects that under Arizona's savings statute, Ariz. Rev. Stat. § 12-504, the statute of limitations for his state law claims will have been tolled during the course of this litigation,[1] allowing him to refile those claims in state court and have them consolidated with the case already pending there. However, Defendants argue that Plaintiff's state law claims were not timely filed in the present action, and that Plaintiff therefore cannot rely on the savings statute. Reply (doc. # 47) at 3-4. In particular, Defendants assert that Plaintiff knew or should have known of his injury as of the date of his arrest on May 5, 2004, and, by waiting until July 12, 2005 to bring this action, failed to file within the one-year limitations period for actions against public entities and employees. Id.; see also Ariz. Rev. Stat. § 12-821 (West 2001) ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward").

. . .

---

[1] The Arizona savings statute provides as follows:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

Ariz. Rev. Stat. § 12-504(A) (West 2001). Because this tolling period is greater than that provided under the federal statute, the Court will apply the Arizona savings statute. See 28 U.S.C. § 1367(d).

The statute of limitations question having been presented for the first time by Defendants in their reply memorandum, the Court is reluctant to resolve it now in a case dispositive manner. Cf. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that where a party introduces new evidence in its reply brief, the district court should not consider the new evidence without giving the non-movant an opportunity to respond); Corson & Gruman Co. v. NLRB, 283 U.S. App. D.C. 239, 899 F.2d 47, 50 (D.C. Cir. 1990) (requiring moving party to raise all arguments in its opening brief to prevent "sandbagging" of opposing party). Because the Court has dismissed all claims over which it has original jurisdiction, the Court will, in the interest of judicial economy and comity, decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendant Joseph Arpaio. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ., 484 U.S. at 350 n.7; Hardage, 427 F.3d at 1189.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (doc. # 37) is GRANTED in part and DENIED in part. With respect to Plaintiff's federal civil rights and constitutional claims, Defendants' motion for summary judgment is granted as to Defendants Maricopa County and Joseph Arpaio. With respect to Plaintiff's state law claims, Defendants' motion for summary judgment is granted as to Defendant Maricopa County, and is denied as to Defendant Joseph Arpaio.

IT IS FURTHER ORDERED dismissing Plaintiff's state law claims against Defendant Joseph Arpaio without prejudice to their

reassertion in state court.

    IT IS FURTHER ORDERED directing the Clerk of the Court to enter judgment accordingly and terminate this case.

    DATED this 30th day of May, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 9 -